IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,    No. CIV S-06-2894-DFL-CMK-P

    Plaintiff,

  vs.    <u>ORDER</u>

TILTON, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to file a first amended complaint (Doc. 21), filed on May 30, 2007.

    Plaintiff seeks leave to file a first amended complaint. On January 25, 2007, the court determined that the original complaint was appropriate for service on the following defendants: Director of the California Department of Corrections and Rehabilitation; Tilton; Nessenson; Duckett; Stogsdill; Morris; and Sturges.[1] All defendants except defendant Duckett

---

[1] Tilton is the Director of the California Department of Corrections and Rehabilitation. The Clerk of the Court, therefore, will be directed to update the docket to terminate "Director of CDC" as a duplicative defendant to this action and to reflect that Tilton is

1

have responded to the original complaint by way of their answer filed on April 20, 2007.  A scheduling order has been issued setting trial in this matter for April 7, 2008.

Plaintiff now seeks to name nine individuals who were sued as "doe" defendants in the original complaint.  The newly named defendants are:  Williams, Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Romero, and Jennings.  Plaintiff has attached a proposed first amended complaint and states that the allegations specific to these new defendants can be found at paragraphs 26, 53(a), and 59.  Paragraphs 26 and 53(a) fail to any defendant, let alone one of the nine newly named defendants.  Paragraph 59 is merely a list of the new defendants.

It appears that plaintiff is simply naming these new individuals as supervisory defendants who are alleged to be liable based on the conduct of the other named defendants.  In particular, plaintiff states at paragraph 53(c):

> All directors and medical officers failed in their duties and were deliberately indifferent to plaintiff's medical care, herein claims for relief.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

---

the lead defendant.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Here, plaintiff has not alleged actual participation or knowledge such as would establish a causal link between the newly named defendants and the alleged constitutional deprivations. Therefore, the court finds that there is no relationship between the constitutional violations alleged in the original complaint and the defendants named in the first amended complaint.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a first amended complaint (Doc. 21) is denied.

DATED: June 6, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE