IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE EICHLER, | No. CIV S-06-2894-RRB-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| TILTON,[1] et al., | |
|     Defendants. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion for leave to file a first amended complaint (Doc. 33), filed on July 6, 2007; Plaintiff's request for appointment of expert witness (Doc. 34), filed on July 13, 2007; and a defense request for an extension of time to respond to plaintiff's discovery requests (Doc. 35), filed on August 9, 2007.

/ / /

/ / /

---

[1] The court previously noted that the defendant CDC Director was a duplicative defendant, as Director Tilton was also named as a defendant. Therefore, the Clerk of the Court will be directed to update the docket to terminate "Director of CDC" as a duplicative defendant to this action and to reflect that Tilton is the lead defendant.

1    Plaintiff's original complaint was filed on December 22, 2006. In his complaint,
2 plaintiff named five defendants for whom the court found service to be appropriate: Tilton,
3 Nessenson, Duckett, Stogsdill, Morris and Sturges. All defendants except defendant Duckett
4 have appeared and their answer was filed on April 20, 2007. A trial date has been set for April 7,
5 2008. Plaintiff filed a request for leave to amend his complaint on May 30, 2007, seeking to
6 name nine "Doe" defendants. This request was denied on June 11, 2007 because plaintiff failed
7 to allege actual participation or knowledge by the newly named defendants, and the court found
8 that there was no relationship between the constitutional violations alleged in the original
9 complaint and the defendants named in the first amended compliant.

10   The Federal Rules of Civil Procedure provide that a party may amend his or her
11 pleading ". . . once as a matter of course at any time before a responsive pleading is served."
12 Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, a party's pleadings may only be
13 amended upon leave of court or stipulation of all the parties. See id. Where leave of court to
14 amend is sought, the court considers the following factors: (1) whether there is a reasonable
15 relationship between the original and amended pleadings; (2) whether the grant of leave to amend
16 is in the interest of judicial economy and will promote the speedy resolution of the entire
17 controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of
18 leave to amend would delay a trial on the merits of the original claim; and (5) whether the
19 opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d
20 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is
21 frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

22   In plaintiff's second request for leave to file a first amended complaint, plaintiff
23 again attempts to name several "Doe" defendants. The paragraphs plaintiff specifically seeks to
24 amend are: 10(a), 26, 59, and 53(a)-53(h).
25 / / /
26 / / /

Paragraph 10(a) simply includes a list of "additional Doe defendants" as "directors: Woodford, Hickman, Terhoune, Gomes, Yamamoto, Tristan." It also lists "Chief Medical and other Doe defendants" as "chief health care manager Brett Williams, DDS Romano."

In paragraph 26, plaintiff seeks to add the following sentence: "Eventually six teeth either fell out, or were extracted."

Paragraph 59 simply adds the same statement as paragraph 10(a), quoted above, with the additional paragraph citation of paragraph 56 and 58 in relation to chief medical officers, and health care manager Brett Williams, and DDS Romano.

Finally, plaintiff has added paragraphs 53(a) through 53(h). In these paragraphs, plaintiff sets forth facts in which he alleges how "all directors and medical officers failed in their duties." Although plaintiff sets forth allegations of wrong doing, he fails to identify with any specificity which defendants "failed in their duties."

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

Plaintiff's listing of additional "Doe" defendants in paragraphs 10(a) and 59 and describing the allegations in paragraph 53(a)-53(h) is insufficient to identify each individual defendant's causal role in the alleged constitutional deprivation. Plaintiff fails to allege an actual connection or link between the "Doe" defendants and the alleged deprivations. Therefore, his request to file his amended complaint will be denied. In addition, because plaintiff has not been granted leave to file an amended complaint, the Clerk of the Court will be directed to strike the Amended Complaints filed on July 6, 2007 (Doc. 30 and 31). This action will proceed on plaintiff's original complaint filed on December 22, 2006.

Plaintiff will, however, be provided one last opportunity to request leave to file an amend complaint. Plaintiff is cautioned that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to seek leave to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In other words, plaintiff cannot name "Doe" defendants in one paragraph and set forth allegations in general in another. Plaintiff must set forth allegations in specific terms as to each "Doe" defendant.

///

In addition, plaintiff, who is proceeding in forma pauperis, has requested the appointment of an expert witness (Doc. 34). The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for expert witnesses. See 28 U.S.C. § 1915.

Finally, the defendants have filed a request for an extension of time, until September 10, 2007, to respond to plaintiff's discovery requests (Doc. 35). Plaintiff filed an opposition to this request (Doc. 36). This request will be granted. However, pursuant to the scheduling order issued in this case (Doc. 14), all discovery in this matter is to be completed by August 24, 2007, the pretrial motions are to be filed on or before October 19, 2007, and the trial is set for April 7, 2007. As additional time is required to complete discovery, the scheduling order, filed on May 8, 2007, and all dates therein, will be vacated. By separate order issued at a later stage in these proceedings, the court will require the parties to submit status reports. Once the status reports have been submitted, the court will issue a new scheduling order.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's second motion for leave to file a first amended complaint (Doc. 33) is denied;

2. The clerk is directed to strike the Amended Complaints filed on July 6, 2007 (Doc. 30 and Doc. 31);

3. Plaintiff may file a third and final motion for leave to file a first amended complaint within 30 days of the date of this order;

4. The Clerk of the Court is directed to update the docket to terminate "Director of CDC" as a duplicative defendant, and reflect that Tilton is the lead defendant in this action;

5. Plaintiff's request for the appointment of an expert witness (Doc. 34) is denied;

1	6.	Defendants' request for an extension of time to respond to plaintiff's discovery requests (Doc. 35) is granted; defendants' responses to plaintiff's discovery requests are due on or before September 10, 2007; and

2	7.	The scheduling order filed May 8, 2007 (Doc. 14) is vacated.

DATED: August 24, 2007.

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE