IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE EICHLER, | No. CIV S-06-2894-RRB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TILTON, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third request for leave to file an amended complaint (Doc. 46) and plaintiff's proposed amended complaint (Doc. 47).  Also pending before the court is plaintiff's request for preferred legal user status (Doc. 51).

      This action currently proceeds on plaintiff's original complaint, filed on December 22, 2006.  On January 25, 2007, the court determined that the original complaint was appropriate for service on the following defendants:  Tilton; Nessenson; Duckett; Stogsdill;

/ / /

/ / /

1

Morris; and Sturges.[1]  All defendants except defendant Duckett responded to the original complaint by way of their answer filed on April 20, 2007.  Defendant Duckett filed his answer on August 23, 2007.  Currently, there is no trial schedule in place.[2]

In the proposed amended complaint (Doc. 47), in addition to the six individual defendants named in the original complaint and for whom service was deemed appropriate, plaintiff names the following nine new individuals as defendants:  Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan (see Doc. 47, ¶ 5), Williams (see id., ¶ 6), Romary (see id., ¶ 7), and Ling (see id., ¶ 8).  As to Woodford, Hickman, Terhune, Gomez, Yamamoto, and Tristan, plaintiff alleges:

> . . . [These defendants] were and are responsible for promulgating, supervising the promulgation of, implementing, supervising the monitering [sic] compliance with, supervising the monitering [sic] of compliance with, enforcing and/or supervising the enforcement of policies and procedures affecting the dental care of all inmates within the CDC.  In this position the defendants are and have been responsible for assuring that all inmates receive proper dental care, including the proper diagnosis and treatment.  At all times herein defendants were acting under the color of state law, in the course and scope of their employment, and is [sic] in their official and individual capacities.

As to Williams, plaintiff alleges:

> Defendant Williams was during part of the times relevant herein employed by the CDC as the chief health care manager at Mule Creek State Prison.  Plaintiff is informed and believes, and thereon alleges, that defendant[] are [sic] properly trained and licensed and is responsible for the dental of all inmates at Mule Creek State Prison.  This includes, but was not limited to, the supervision, direction, and/or proper training of the dental staff at New Folsom and Mule Creek State Prisons.  In the delivery of dental health care services and the management of dental programs; involvement in the determination of proper dental programs; involvement in the determination of proper dental care for inmates, including but not limited to, having authority to order and approve dental tests and treatments to be done; having authority to assure that inmates that are

---

[1]  The complaint also named as a defendant "Director of CDC."  Because Tilton is the Director of the California Department of Corrections and Rehabilitation, the Clerk of the Court was directed to terminate "Director of CDC" as a duplicative defendant to this action.

[2]  The scheduling order issued on May 8, 2007, was vacated on August 27, 2007.

2

> transferred to other institutions receive continuing proper dental care; having authority and responsibility for assuring the proper ordering and stocking of dental supplies; communication of dental needs to the correctional custody staff, and, generally, making sure that proper dental treatment is provided to all inmates; was responsible for assuring that all dental staff, provided proper dental treatment[] and care to the inmates, and that all such individuals knew and understood, and acted pursuant to CDC policy. . . .

As to Romany, plaintiff alleges that this defendant is a prison dentist. He also makes substantially the same allegations with respect to Romany and Ling as against Williams. As to Romany, plaintiff adds at ¶ 37 of the proposed amended complaint:

> . . . Dr. Romany had repeatedly and also refused to treat plaintiff, too which he further lost these two teeth and suffered more ongoing and horrific pain and suffering. . . .

This allegation relates to alleged wrongdoing by defendant Sturges. As to Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romany, and Ling, plaintiff alleges at ¶ 54 of the proposed amended complaint:

> Plaintiff asked [these defendants]. . ., either personally or through the appeal process . . ., to provide adequate and appropriate dental care for serious and obvious dental needs diagnosed as gingivitis and minor periondontal [sic] disease, to which they deliberately denied the necessary treatments, resulting in years of terrible pain and the loss of six teeth, as of this date 9-6-07.

Plaintiff adds at ¶ 56:

> On 6-6-07 . . ., Gomez, . . . Williams . . ., and the chief dental officer of Mule Creek . . . stated that "they would give me the needed Listerine, peroxide rinces [sic], antibiotics and any other needed treatment to prevent the further pain, and tooth loss which is still occurring – if, and only if, plaintiff drops this case."

Plaintiff asserts that he learned the identities of the newly names defendants through the discovery process in this case.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will

promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, there is a reasonable relationship between the original and amended pleadings. Plaintiff's amendments relate to the same facts as in the original complaint, he is naming additional defendants identified though discovery. Granting plaintiff leave to amend will include all defendants in one action, and therefore will promote the speedy resolution of the entire controversy. There was no delay in seeking leave to amend. Plaintiff originally requested leave to amend on May 30, 2007. The court denied that request for failure to allege actual participation or knowledge of the newly named defendants. Plaintiff has been diligently working on correcting those deficiencies. The scheduling order has been vacated and no new trial date has been set, so granting leave to amend will not delay a trial date. There is no prejudice to the defendants. Plaintiff has not materially changed his allegations toward the defendants. Although the original defendants will be required to file an answer to the amended complaint, because the allegations have not changed materially, this should not cause any hardship.

Accordingly, the request for leave to file an amended complaint will be granted. This case will now proceed on the amended complaint (Doc. 47), which was filed September 25, 2007. Defendants Tilton, Nessenson, Duckett, Stogsdill, Morris, and Sturges have been served with a copy of the amended complaint. They will be required to file an answer to the amended complaint within 30 days.

As to the newly named defendants, Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romary, and Ling, the court finds the amended complaint states a cognizable claim against these defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §

1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. As to the newly named defendants, who have not yet been served with any version of plaintiff's complaint, the court will require plaintiff to submit documents within 30 days for attempted service by the United States Marshal. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

      Plaintiff has had ample opportunity to amend this claim and further leave to amend will not be granted. Discovery has been open since May 2007, so plaintiff had has ample time to find the identities of any other defendants and further amendment would only serve to unreasonably delay resolution of plaintiff's claims.

      As for plaintiff's request for an order giving him preferred legal user status, this request will be denied, without prejudice. Plaintiff's amended complaint has been filed. There are no pending deadlines, other than those set in this order, to provide a basis for such an order. However, if plaintiff continues to experience difficulties obtaining access to the law library in order to comply with this order and complete the required copies, he can file a new motion with the court, including a motion for additional time necessary to comply.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file an amended complaint is granted;

2. This action will proceed on the amended complaint (Doc. 47) filed September 25, 2007;

3. Service of the amended complaint is appropriate;

4. Defendants Tilton, Nessenson, Duckett, Stogsdill, Morris, and Sturges, having been served with a copy of the amended complaint through their attorney shall file an answer to the amended complaint within 30 days;

5

5. The Clerk of the Court is directed to update the docket with the names of the newly added defendants: Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romary, and Ling;

6. The Clerk of the Court shall send plaintiff one USM-285 form for each of the nine newly added defendants (Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romary, and Ling), one summons, an instruction sheet, and a copy of the amended complaint (Doc. 47);

7. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Nine completed USM-285 forms – one for each newly named defendant (Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romary, and Ling); and

    d. Ten copies of the endorsed fourth amended complaint; and

8. Plaintiff's request for preferred legal user status is denied, without prejudice.

DATED: January 7, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DWAYNE EICHLER,                         No. CIV S-06-2894-RRB-CMK-P
    Plaintiff,
  vs.                                   <u>ORDER</u>
TILTON, et al.,
    Defendants.
_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__ completed summons form;
    _____ completed USM-285 form(s); and
    _____ copies of the amended complaint.

DATED: _____                  _____
                                                               Plaintiff