IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,                              No. CIV S-06-2894-JAM-CMK-P

        Plaintiff,

    vs.                                      ORDER

TILTON, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's request for reconsideration of the magistrate judge's order (Doc. 52) denying plaintiff additional opportunity to amend his complaint.

        Pursuant to Eastern District of California Local Rule 72-303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law."  Upon review of the entire file, the court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law.  The January 7, 2008, order is, therefore, affirmed.

        In the January 7, 2008 order, the magistrate judge informed plaintiff that he had been provided ample opportunity to amend his complaint and no further leave to amend would be

granted.  The magistrate judge noted that discovery had been opened since May 2007, and plaintiff had ample time to discover the identities of any remaining defendants.  Plaintiff now claims to have the name of one last Doe defendant, chief dental officer Marc Weisman, from New Folsom.

However, plaintiff does not explain why there was such a delay in discovering the name of this Doe defendant, since discovery has been opened since May 2007, and he was able to discover the names of the other defendants.  In fact, plaintiff received discovery responses in October 2007, prior to the magistrate judge's order regarding his first amended complaint, yet plaintiff does not explain why this defendant was not included or how it was he discovered the name of this Doe defendant so late in the process.

Plaintiff has been given plenty of opportunity to amend his complaint.  Plaintiff claims this would only be his second amended complaint, but he does not account for the two motions to amend he previously filed which were denied.  This would actually be plaintiff's fourth attempt.  Further, in reviewing the amended complaint currently on file, plaintiff does not adequately hold a place for this Doe defendant in his substantive claims.  Therefore, any amendment allowed at this point would require adding additional claims to his complaint. Plaintiff already names fifteen defendants for whom the court has determined to be appropriate for service.  Adding one more supervisory defendant, especially given that he already names several supervisory defendants, will not add anything to his complaint, and will have the effect of delaying this case further.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for reconsideration is denied; and
2. The magistrate judge's January 7, 2008, order is affirmed.

DATED: August 19, 2008                    /s/ John A. Mendez

_____UNITED STATES DISTRICT JUDGE