IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,                               No. CIV S-06-2894-JAM-CMK-P

       Plaintiff,

  vs.                                        FINDINGS AND RECOMMENDATIONS

TILTON, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is a motion to dismiss filed by defendants Woodford, Hickman, Terhune, Gomez and Tristan (Doc. 69). Plaintiff filed an opposition (Doc. 73) and defendants filed a reply (Doc. 74).

**I.  BACKGROUND**

       This case proceeds on plaintiff's amended complaint (Doc. 47), wherein he raises claims regarding denial of dental care. The court has authorized service on defendants Tilton, Nessenson, Duckett, Stogsdill, Morris, Sturges, Woodford, Hickman, Terhune, Gomez, Yamamoto, Tristan, Williams, Romary, and Ling. Defendants Duckett, Morris, Nessenson,

1  Stogsdill, Sturges, Tilton and Williams have filed an answer (Doc. 57).[1]

2  In his complaint, plaintiff alleges he was denied necessary dental care by the dentists employed by the California Department of Corrections (CDC).[2]  Plaintiff contends he suffers from severe gum disease, and remains in excruciating pain, resulting in the loss of several teeth due to the lack of dental care.  As to the moving defendants, plaintiff's complaint alleges they were each informed, either personally or through the inmate appeals process, of his need for adequate dental care.  He claims they each deliberately denied him treatment, resulting in pain and loss of teeth.

The motion to dismiss filed by defendants Woodford, Hickman, Terhune, Gomez and Tristan is based on plaintiff's alleged failure to exhaust his administrative remedies against these individuals.[3]

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120.

/ / /

---

[1]  Defendants Romary and Yamamoto have not yet been served.  Defendant Ling has not yet responded to plaintiff's amended complaint.

[2]  CDC has since changed its name to California Department of Corrections and Rehabilitations (CDCR).

[3]  Defendants also raise, for the first time in their reply brief, that plaintiff's claims against defendants Gomez and Terhune are barred by the statute of limitations.  The court declines to address this issue because claims raised in reply briefs are not properly before the court.  See Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) (declining to consider an issued raised for the first time in a reply brief).

### III.  DISCUSSION

Defendants argue that while plaintiff filed inmate grievances, the grievances failed to put the moving defendants on notice of the claims plaintiff presents in his amended complaint. Specifically they argue that plaintiff did not submit any grievances while defendants Hickman, Terhune and Gomez were employed as Director of CDC or Secretary of the CDCR.  They contend that defendant Gomez was Director from 1991 to 1997, Terhune was Director from 1997 to 2000, and Hickman was Secretary from July 2005 to February 2006.  During this time, plaintiff did not submit any inmate grievances addressing his dental care.  They further ague that defendant Woodford was Director from February 2004 to June 2005 and Secretary from February 2006 to April 2006.  Plaintiff did not file any inmate grievances during her later tenure, but did file two during her former tenure.  However, defendant Woodford argues that the two grievances plaintiff filed between 2004 and 2005 did not reference any action by her or any problem with policies she may have promulgated.

Finally, the defendants contend that defendant Tristan never served as either Director or Secretary, but did serve in various executive positions within the agencies during the relevant time frame.  During the relevant time frame, in addition to the two above mentioned grievances plaintiff filed during 2004 and 2005, the defendants contend plaintiff filed three others concerning his dental care.  However, they argue, none of these grievances provided defendants Gomez, Terhune, Woodford, Hickman or Tristan notice of plaintiff's claims, thus his claims against them are unexhausted and they should be dismissed from this action.

Pursuant to the Prison Litigation Reform Act (PLRA), prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v.

1  Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the
2  exhaustion requirement in Jones v. Bock, and held: (1) prisoners are not required to specially
3  plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative
4  defense which must be pleaded and proved by the defendants; (2) an individual named as a
5  defendant does not necessarily need to be named in the grievance process for exhaustion to be
6  considered adequate because the applicable procedural rules that a prisoner must follow are
7  defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require
8  dismissal of the entire complaint if only some, but not all, claims are unexhausted.  See 549 U.S.
9  199 (2007).  The Supreme Court also held in Woodford v. Ngo that, in order to exhaust
10 administrative remedies, the prisoner must comply with all of the prison system's procedural
11 rules so that the agency addresses the issues on the merits.  See 548 U.S. 81, 89-96 (2006).  Thus,
12 exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.
13 Partial compliance is not enough.  See id.
14        A prison inmate in California satisfies the administrative exhaustion requirement
15 by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of
16 Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or
17 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
18 Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several
19 levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution
20 head; (4) third level appeal to the director of the California Department of Corrections and
21 Rehabilitation.  A decision at the third formal level, which is also referred to as the director's
22 level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.
23 Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may
24 summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§
25 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action,
26 one grievance form is used and a list of the participating inmates must be attached.  The list must

4

1 | be legible and state the inmates' names, departmental identification numbers, and housing
2 | assignment.  The form must also be signed by all participating inmates.  Currently, California
3 | regulations do not contain any provision specifying who must be named in the grievance.  See
4 | Cal. Code Regs. tit. 15, § 3084.5 (requiring only that the prisoner describe the problem and
5 | action requested).

6 | Here the defendants acknowledge that plaintiff filed inmate grievances, but argue
7 | that because they were not filed while defendants Gomez, Terhune and Hickman were employed
8 | as Director and/or Secretary, the inmate grievances plaintiff filed were insufficient to exhaust
9 | administrative remedies as against them.  Defendants Woodford and Tristan argue that although
10 | plaintiff filed his inmate grievances while they were employed with the CDC and/or CDCR,
11 | plaintiff failed to name them or their policies in his grievances, and they were therefore
12 | insufficient to put them on notice of plaintiff's claims.

13 | Defendants' arguments fail to consider the purpose of the exhaustion requirement.
14 | The administrative grievance system is less about future litigation and more about reaching an
15 | internal and speedy resolution of the prisoner's problems.  See Jones, 549 U.S. at 219 (citing
16 | Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to
17 | alert prison officials to a problem, not to provide personal notice to a particular official that he
18 | may be sued")).  As discussed above, "exhaustion is not per se inadequate simply because an
19 | individual later sued was not named in the grievances."  Id.  Rather all that is required by the
20 | PLRA is "[c]ompliance with prison grievance procedures," which vary by system.  Id. at 218.
21 | California does not require a prisoner to expressly name the defendants.  See Cal. Code Regs. tit.
22 | 15, § 3084.5 (requiring only that the prisoner describe the problem and action requested).
23 | Therefore, plaintiff's failure to specifically name defendants Woodford, Hickman, Terhune,
24 | Gomez or Tristan does not render his claims against these individuals unexhausted.

25 | Similarly, plaintiff's failure to file inmate grievances during the tenure of each
26 | Director and/or Secretary does not render his claims unexhausted.  Plaintiff filed inmate

grievances regarding the dental care he was receiving, and satisfied the PLRA's requirement to properly exhaust his administrative remedies prior to bringing this action. Plaintiff's complaint raises claims dating back to 1995, and continuing at least through 2005. Each of the moving defendants were in office during this relevant time-frame. The defendants have not provided any authority for their position that plaintiff was required to exhaust his administrative remedies, or at least file an inmate grievance, during each administrator's tenure in order to meet the PLRA's exhaustion requirements against that administrator. Taking the defendants' argument to the next level, would mean that if an administrator violates, or allows the violation of, a prisoner's civil rights, they would be able to escape liability for their actions simply by transferring to another position and/or retiring prior to the prisoner filing an inmate grievance. The court does not find this scenario meets the spirit nor the requirements of the PLRA.

The defendants concede that plaintiff filed inmate grievances beginning in at least 2003. He apparently filed those grievances using the proper procedures and fully exhausted his administrative remedies. Defendants argument that because his grievances were not filed during their time in office they were not made aware of the problem does not sit well with the court. Grievances filed by a prisoner prior to a new administrator's tenure does not render that grievance null and void. A new administrator would be expected to be made aware of the issues and/or problems existing when they take office.

Each of the moving defendants were in office during the time plaintiff claims he was denied adequate dental care. Plaintiff exhausted his administrative remedies by properly filing at least five inmate grievances between 2003 and 2005. Plaintiff claims that each of the moving defendants deliberately denied him necessary treatment. These claims are sufficient to survive a motion to dismiss for failure to exhaust.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that the motion to dismiss (Doc. 69) be denied and that defendants Woodford, Hickman, Terhune, Gomez, Tristan and Ling

1  be ordered to file an answer within 20 days.

2  These findings and recommendations are submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
4  after being served with these findings and recommendations, any party may file written
5  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Failure to file objections within the specified time may waive
7  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2009

  /s/ Craig M. Kellison
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE