1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DWAYNE EICHLER,                          No. CIV S-06-2894-JAM-CMK-P

12              Plaintiff,

13        vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   TILTON, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is a motion for judgment on

19   the pleadings for defendants Tilton, Woodford, Hickman, Terhune, Gomez, Williams, Ling and

20   Tristan (Doc. 101).  Plaintiff filed an opposition (Doc. 104) and defendants filed a reply (Doc.

21   105).

22                            **I.  BACKGROUND**

23              This case proceeds on Plaintiff's amended complaint (Doc. 47), wherein he raises

24   claims regarding the denial of dental care.  The court authorized service on defendants Tilton,

25   Nessenson, Duckett, Stogsdill, Morris, Sturges, Woodford, Hickman, Terhune, Gomez,

26   Yamamoto, Tristan, Williams, Romary, and Ling.  Several defendants filed a motion to dismiss

                                          1

1   which was denied (Doc. 88, 94).  In addition, defendants Yamamoto and Romary were dismissed

2   from this action due to lack of service (Doc. 87, 95).  Defendants Duckett, Morris, Nessenson,

3   Stogsdill, Sturges, Tilton and Williams have filed an answer (Doc. 57).  Defendants Woodford,

4   Hickman, Terhune, Gomez, Tristan and Ling have also filed an answer (Doc. 97).

5          In his complaint, plaintiff alleges he was denied necessary dental care by the

6   dentists employed by the California Department of Corrections (CDC).[1]  Plaintiff contends he

7   suffers from severe gum disease, and remains in excruciating pain, resulting in the loss of several

8   teeth due to the deliberate lack of dental care.  As to the moving defendants, plaintiff's complaint

9   alleges they were each informed, either personally or through the inmate appeals process, of his

10  need for adequate dental care.  He claims they are each responsible for the dental treatment of all

11  inmates, including himself, and they failed to provide him the necessary treatment, resulting in

12  pain and loss of teeth.

13         The current motion for judgment on the pleadings was filed by defendants Tilton,

14  Woodford, Hickman, Terhune, Gomez, Williams,[2] Ling and Tristan, and is based on plaintiff's

15  failure to allege sufficient facts to establish supervisory liability, and the statute of limitations.

16  **II.  STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

17         A motion for judgment on the pleadings is properly the subject of an motion under

18  Federal Rule of Civil Procedure 12(c).  The standards applied on a Rule 12(c) motion is

19  essentially the same as that applied on a Rule 12(b)(6) motion to dismiss.  See Hal Roach

20  Studios Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  In considering a

21  motion under Rule 12(c), as with a motion to dismiss, the court must accept all allegations of

22

23         [1]     CDC has since changed its name to California Department of Corrections and
    Rehabilitations (CDCR).

24

25         [2]     Defendant Williams is named in the caption and headings of this motion.
    Although there appears to be some editing issues in the moving papers, it is apparent to the
    undersigned that defendant Williams was to be included in the motion.  The arguments made in

26  reference to defendant Ling are also applicable to defendant Williams.

material fact in the complaint as true.  See id.; see also Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

/ / /

/ / /

### III. DISCUSSION

The moving defendants argue that plaintiff's complaint fails to plead sufficient facts to state a claim for supervisory liability.  In addition, defendants Gomez and Terhune argue any claims against them are barred by the statute of limitations.

### A.   Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

Here, Plaintiff's complaint states defendants Tilton, Woodford, Hickman, Terhune, Gomez, and Tristan each held the position of Director of CDCR.  As such, they were "responsible for promulgating, supervising the promulgation of, implementing [sic], supervising [the] implementation [sic] of, monitoring compliance with, enforcing and/or supervising the enforcement of policies and procedures affecting the dental care of all inmates within the CDC."  (Am. Compl., Doc. 47 at 5 of 29).  He states defendant Ling was the Chief Dental Officer at

Mule Creek State Prison (MCSP) and, in that position, was "responsible for dental care of all inmates . . . [as well as] the supervision, direction, and/or proper training of the dental staff . . . management of dental programs . . . determination of proper dental care. . . stocking [of] dental supplies . . . ." (Am. Compl., Doc. 47 at 7-8).  He claims defendant Williams was the Health Care Manager at MCSP, and "is responsible for the dental of all inmates" including "the supervision, direction, and/or proper training of the dental staff . . . management of dental programs . . . the determination of proper dental care for inmates, including . . . having authority to order and approve dental tests and treatments . . . ." (Am. Compl., Doc. 47 at 5-6).  He further alleges that each of these defendants were aware "either personally or through the appeal process" that he was not being provided "adequate and appropriate dental care for serious and obvious dental needs . . . to which they deliberately denied the necessary treatments . . . ." (Am. Compl., Doc. 47 at 18).

Plaintiff's complaint, however, fails to allege any specific direct involvement these defendants had with the dental care he was, or was not, receiving.  With the exception of defendants Ling and Williams, none of the defendants are medical personnel capable of providing Plaintiff with the treatment he states he was in need of.  Instead, Plaintiff alleges they held the position of Director of CDCR.  As such, the only claim against them is in their supervisory capacity.  As the Supreme Court has recently made clear, supervisory defendants can not be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct.  See Iqbal, 129 S. Ct. at 1949.  Therefore, Plaintiff's complaint is insufficient to state a claim against defendants Tilton, Woodford, Hickman, Terhune, Gomez, and Tristan, who are only named for their supervisory position, and are non-medical personnel clearly incapable of providing Plaintiff the dental treatment he alleges he was denied.

As to defendants Williams and Ling, although it appears from the allegations in the complaint that they are medically trained individuals, there is nothing in the complaint which specifically alleges they were directly and personally involved with Plaintiff's treatment.  Instead,

5

1   Plaintiff alleges they are liable based on their duty to supervise dental personnel and dental

2   programs, and their denial of his appeals for additional treatment.  He alleges these defendants

3   are responsible for the dental staff at MCSP, were informed (at the very least through the appeals

4   process) that Plaintiff was in need of adequate and appropriate dental care, but failed to "provide

5   for the supervision, direction, and/or proper training of the dental staff . . . ."  (Am. Compl., Doc.

6   47 at 22, 25).  It is clear from the amended complaint that Plaintiff's claim against defendants

7   Ling and Williams stem only from their supervisory positions, not from any actual personal

8   involvement in his treatment that was, or was not, provided.  These claims are insufficient to

9   claim they personally participated in or directed the alleged violations by their subordinates.[3]

10  Therefore, Plaintiff's claim is insufficient to state a claim against defendants Ling and Williams.

11              **B.      Statute of Limitations**

12              In addition to the above, Defendants Gomez and Terhune argue, as an alternative,

13  that the claims against them are barred by the statute of limitations.  These defendants held the

14  position of Director of CDCR from 1991 to 1997 and 1997 to 2000, respectively.  Plaintiff filed

15  his first inmate grievance in 2003, and this action in 2006, claiming inadequate dental care from

16  1995 through 2006.

17              Defendants argue that any claims related to them would have arisen no later than

18  1997 and 2000, respectively, as that is when their term of office ended.  In addition, they argue

19  Plaintiff does not explain how his dental treatment between 1995 and 2003 had been inadequate

20  enough to eventually warrant bringing this action, but not enough to put him on notice of the

21  claim he had against Defendants Gomez and Terhune until 2003.

22  / / /

23  / / /

24  _____

25       [3]      To the extent Plaintiff is attempting to state liability based on these defendants'
    denial of his inmate appeals, those claims would be unavailing.  See e.g., Cage v. Cambra, 1996
26  WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and
    address grievances does not support constitutional claim).

1      For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is

2  California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384,

3  387-88 (2007); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

4  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City, 25 F.3d 800,

5  802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).

6      Before January 1, 2003, the statute of limitations for personal injury actions in

7  California was one year.  See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d

8  911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation

9  period specified in § 340(3)).  The personal injury statute of limitation was extended by passage

10  of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003.  See

11  Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. §

12  335.1).  The extension of this statute of limitations does not apply retroactively to claims which

13  were already barred under the one-year limitation period specified in § 340(3), plus any statutory

14  tolling, as of the effective date of January 1, 2003.  See Maldonado v. Harris, 370 F.3d 945, 955

15  (9th Cir. 2004) (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)).  However, the

16  extended statute of limitations period provided for in § 335.1 is applicable to claims which are

17  not yet barred.   See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D.

18  Cal. 2004) (citing Douglas, 58 Cal.2d at 465).

19      At the time Elliott was decided – 1994 – California Code of Civil Procedure §

20  352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a

21  criminal charge, or in execution under sentence of a criminal court for a term of less than for

22  life."[4]  That tolling, however, only applies if the disability of incarceration existed at the time the

23

24      [4]      "The California courts have read out of the statute the qualification that the period
of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for
tolling."  Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough
25  Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner
serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124,
26  1126 (9th Cir. 1998).  Thus, the length of the sentence is irrelevant.

1   claim accrued.  See Elliott, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357).  Pre-conviction

2   incarceration qualifies.  See id.  By the time Fink was decided – 1999 – the California tolling

3   provision for the disability of incarceration had been amended.  Specifically, California Code of

4   Civil Procedure § 352.1, which became effective January 1, 1995,  provides prisoners with only

5   two years of tolling.  See Fink, 192 F.3d at 914.  Prior to the effective date of § 352.1, prisoners

6   enjoyed tolling for the entire time of sentences less than life.  See id.  The Ninth Circuit in Fink

7   concluded that § 352.1 applies retroactively.  See id. at 915.  Thus, for § 1983 claims which

8   accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or

9   until January 1, 1997, whichever is later.  See Fink, 192 F.3d at 916.

10          The applicable statute of limitations is further tolled while a prisoner completes

11  the exhaustion process mandated by the Prison Litigation Reform Act ("PLRA").  See Brown v.

12  Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005).  In Brown, the Ninth Circuit observed that "a

13  prisoner may *not* proceed to federal court while exhausting administrative remedies," and that

14  "awaiting the completion of a staff misconduct investigation could, absent some adjustment,

15  endanger the prisoner's ability to file his court complaint within the limitations period."  Id. at

16  942.  The court added:

17                  We also note that, again like all the other circuits that have
                considered the question, "we refuse to interpret the PLRA so narrowly as
18              to . . . permit [prison officials] to exploit the exhaustion requirement
                through indefinite delay in responding to grievances."
19

20  Id. at 943 n.18 (quoting Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), Jernigan v.

21  Stuchell, 304 F.3d 1030 (10th Cir. 2002), Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001),

22  and Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam)).

23          In cases where the plaintiff alleges ongoing violations, claims outside the

24  limitations period which relate to claims within the limitations period may nonetheless be

25  actionable under the continuing violation doctrine.  In an employment discrimination case, the

26  Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even

1   when they are related to acts alleged in timely filed charges." <u>Nat'l R.R. Passenger Corp. v.</u>

2   <u>Morgan</u>, 536 U.S. 101, 113 (2002).  However, where the plaintiff asserts claims resulting from an

3   alleged ongoing policy of discrimination, the continuing violation doctrine applies.  <u>See</u>

4   <u>Gutowsky v. County of Placer</u>, 108 F.3d 256, 259-60 (9th Cir. 1997).  In <u>Gutowsky</u>, the plaintiff

5   had alleged "that the widespread policy and practices of discrimination of which she complains

6   continued every day of her employment, including days that fall within the limitation period." <u>Id.</u>

7   at 260.  Thus, there needs to be an allegation that the specific acts alleged are instances of some

8   broader policy.  <u>See id.</u>; <u>see also</u> <u>Cholla Ready Mix Co. v. Civish</u>, 382 F.3d 969, 974-5 (9th Cir.

9   2004) (citing <u>Morgan</u>, 536 U.S. at 113-14).

10          Here, Plaintiff alleges ongoing violations of his need to obtain dental care.  He

11  alleges that he was originally denied treatment as far back as July 1995, and continuously through

12  2006.  His amended complaint is not precise, but the court is required to read pro se complaints

13  broadly.  As such, the complaint is sufficient to state ongoing violations, which are related to

14  claims falling within the limitations period.  Therefore, the undersigned cannot find the statute of

15  limitations has run as to the claims against Defendants Gomez or Terhune.

16                          **IV.  CONCLUSION**

17          Based on the foregoing, the undersigned recommends that the motion for

18  judgment on the pleadings (Doc. 101) be granted for failure to state a claim for supervisory

19  liability, and that defendants Tilton, Woodford, Hickman, Terhune, Gomez, Williams, Ling and

20  Tristan be dismissed from this action.  Defendants' Gomez and Terhune's alternative basis for

21  granting the motion, that the claims are barred by the statute of limitations, should be denied.

22  This action should continue only against defendants Nessenson, Duckett, Stogsdill, Morris, and

23  Sturges.

24  / / /

25  / / /

26  / / /

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8  DATED: January 27, 2010

9

10                              _Craig M. Kellison_____
                                **CRAIG M. KELLISON**
11                              UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26