IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE EICHLER,  No. CIV S-06-2894-JAM-CMK-P

    Plaintiff,

  vs.  ORDER

TILTON, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Plaintiff's motion for permission to request extended discovery (Doc. 103), Defendants' motion for an extension of time to respond to Plaintiff's discovery requests (Doc. 107), and Defendants' motion for a protective order (Doc. 109).[1]

       A.    Plaintiff's Request for Additional Interrogatories

       Discovery in this case has been open since May 2007. Due to the filing of an amended complaint and service of additional defendants, the original scheduling order has been

---

[1] Plaintiff also filed a motion to compel (Doc. 110), which will be addressed by separate order.

1

vacated. At the request of the court, the parties filed status reports in early 2009, indicating additional discovery was necessary, and requested additional time to complete their discovery. Defendants also indicated the anticipation of filing a motion for judgment on the pleading, which has since been filed. The court had requested that Defendants respond to Plaintiff's motion to request extended discovery; that response has also been filed.

Plaintiff has requested court permission to propound 10 additional interrogatories, over and above the 25 permitted by Federal Rule of Civil Procedure 33, on the Defendants. Defendants oppose this request as Plaintiff failed to show good cause, as required under Rule 26(b)(1). Defendants argue that Plaintiff failed to provide any reason why the additional ten interrogatories were necessary. Plaintiff did not file a response in which to address the good cause requirement, nor did he provide any reasons for the necessity of the additional interrogatories.

Plaintiff is required to make some showing as to the reasons for his request to propound extra interrogatories, so that the court may make a determination as to the necessity therefor. See Fed. R. Civil Proc. 33 (indicating in the advisory notes that the purpose of the limitation is "to provide judicial scrutiny before parties make potentially excessive use of this discovery device"). Here, Plaintiff failed to provide any reasons for his request. He has not explained what information he is requesting nor why he is unable to obtain that information through the number of interrogatories authorized by Rule 33. Without that information, the court cannot provide the judicial scrutiny contemplated by the Rule. Plaintiff's request for permission to propound extra interrogatories (Doc. 103) will be denied.

B.  Defendants' Request for Additional Time

At least partially in response to Plaintiff's additional discovery requests, Defendants have filed their motions for additional time and for a protective order. As to the request for additional time to respond to Plaintiff's discovery requests, Defendants request additional time to respond to those requests which are not subject to the protective order request.

Plaintiff has not filed an opposition to this request. Good cause appearing therefor, this request (Doc. 107) will be granted. If Defendants have not yet responded to the discovery requests, with the exception of the unauthorized extra interrogatories and those addressed in the protective order discussed below, those responses shall be served on Plaintiff within 10 days of the date of this order.

### C. Request for Protective Order

Several of the defendants have filed a motion for judgment on the pleadings. By separate Findings and Recommendations, the undersigned has recommended this motion be granted and those defendants dismissed from this action. These defendants are also requesting a protective order staying all discovery related to them. For good cause shown, the court may issue a protective order staying discovery. See Fed. R. Civ. Proc. 26(c)(1). As the undersigned has recommended the motion for judgment on the pleadings be granted, the court finds good cause for staying discovery relating to defendants Tilton, Woodford, Hickman, Terhune, Gomez, Williams, Ling and Tristan. Until such time as the District Judge rules on the motion for judgment on the pleadings, all discovery involving defendants Tilton, Woodford, Hickman, Terhune, Gomez, Williams, Ling and Tristan will be stayed.[2] If the District Judge declines to adopt the undersigned's Findings and Recommendations, the court will issue appropriate orders allowing Plaintiff additional time to complete discovery with these defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to propound more than 25 interrogatories (Doc. 103) is denied;

2. Defendants' motion for an extension of time to respond to Plaintiff's discovery requests (Doc. 107) is granted; and

---

[2] Defendants also requested a protective order staying Plaintiff's additional interrogatories pending resolution of his request to propound the additional interrogatories. As the court denies Plaintiff's request in this order, the request for a protective order on those grounds is moot.

3

3. Defendants' motion for a protective order (Doc. 109) is granted.

DATED: February 2, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE