IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE EICHLER, | No. CIV S-06-2894-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TILton, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's objection to a second deposition (Doc. 119).

     The court previously ordered the defendants could depose Plaintiff for a second time related to the claims in his amended complaint (Doc. 100). Plaintiff is now objecting to that second deposition, which he states is set for June 11, 2010. He indicates the court's order allowing a second deposition related to the newly named defendants, who have since been dismissed. The court will require a response from Defendants on this motion.

     In addition, a review of the docket shows a motion to compel still pending (Doc. 110) wherein Plaintiff is attempting to obtain answers to discovery requests. Following the filing

1

of that motion, the court issued an order denying Plaintiff's request for leave to propound more than 25 interrogatories, granted Defendants' motion for an extension of time and a protective order.  It is unclear to the court whether the issues raised in the pending motion to compel still need to be addressed or whether the court's previous order addressed those issues.  In the motion to compel, Plaintiff was attempting to obtain responses to his interrogatories which exceeded the 25 question limit.  As Plaintiff's request for the additional interrogatories has now been denied, the court will request confirmation from the parties whether there are still outstanding discovery disputes which need to be resolved.

This case proceeds on Plaintiff's amended complaint (Doc. 47).  Following the grant of the defendants' motion for judgment on the pleadings, the only remaining defendants in this case are Nessenson, Ducket, Stogsdill, Morris, and Struges.  Due to the filing of the amended complaint, the court vacated the original scheduling order, so a schedule for the remainder of this litigation needs to be set.

The parties previously filed status reports indicating additional discovery was needed.  Sufficient time has now passed for the remaining discovery to have been completed.  Therefore, if there are any outstanding discovery needs, any further discovery requests shall be propounded on or before June 28, 2010.  Any further motions to compel responses shall be filed on or before August 27, 2010.  Finally, any dispositive motions shall be filed on or before October 25, 2010.  Following resolution of any dispositive motions, the court will set a trial schedule if appropriate.

Plaintiff is reminded, pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the

1  defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof
2  of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may
3  rely upon statements made under the penalty of perjury in the complaint if the complaint shows
4  that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's
5  attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one
6  or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's
7  claims; the person who signs an affidavit or declaration must have personal knowledge of the
8  facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are
9  what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or
10  more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If
11  plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible
12  evidence, the defendants' evidence may be taken as the truth and the defendants' motion for
13  summary judgment granted.  If there is some good reason why such facts are not available to
14  plaintiff when required to oppose a motion for summary judgment, the court will consider a
15  request to postpone considering the defendants' motion.  If plaintiff does not serve and file a
16  written opposition to the motion or a request to postpone consideration of the motion, the court
17  may consider the failure to act as a waiver of opposition to the defendants' motion.  If the
18  defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment
19  will be entered for the defendants without a trial and the case will be closed.
20          Accordingly, IT IS HEREBY ORDERED that:
21          1.      Defendants shall respond to Plaintiff's objections to deposition within ten
22  calendar days of the date of this order;
23          2.      Both parties shall inform the court of the status of discovery, including the
24  pending motion to compel, indicating whether there remains any outstanding discovery disputes,
25  within 30 days of the date of this order;
26  / / /

3. Any further discovery requests shall be propounded on or before June 28, 2010;

4. Any further motions to compel discovery responses shall be filed on or before August 27, 2010; and

5. Any dispositive motions shall be filed on or before October 25, 2010.

DATED: May 28, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE