IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE EICHLER, | No. CIV S-06-2894-JAM-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| TILTON, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion to compel responses to his discovery requests, including interrogatories, requests for admissions, and requests for production of documents (Doc. 110). Defendants have filed an opposition to the motion (Doc. 111).[1]

///

---

[1] Around the same time as Plaintiff's motion was filed, the defendants filed a motion for a protective order, and the court issued findings and recommendations for the dismissal of several defendants. The motion for a protective order was granted, and the findings and recommendations were adopted, dismissing all but five defendants from this action. The court will therefore address the motion to compel only as it relates to the remaining defendants.

1

At the outset, the court notes that Plaintiff's motion fails to set forth his "contentions . . . as to each contested issue." See Local Rule 251(c)(3). In particular, Plaintiff has not set forth any specific argument as to each disputed request. See id. However, attached to his motion is a list of responses to the answers the defendants provided, apparently outlining the answers Plaintiff found inadequate. Plaintiff makes general arguments that the defendants objected to or evaded answers to the questions he posed. His motion also makes rather general statements relating to all of the defendants' responses. He does, however, attach to his motion all of the defendants' responses to his requests for admissions and requests for production of documents.[2] Despite his vague statements relating to the interrogatories responses, no interrogatories are attached to his motion.[3] Regardless of the defects in Plaintiff's motion, because the requests for production of documents and admissions were provided to the court, as well as an indication as to which questions and answers are at issue, the court will address those identified as inadequate.

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). A motion to compel may be brought where the answers provided in response to a discovery request are evasive or incomplete. See Fed. R. Civ. Proc. 37(a)(3)(B), (4). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders,

---

[2] The requests and answers provided are apparently "examples" of the alleged insufficient answers Plaintiff received. Not all of the requests and answers from all defendants were provided. Rather, only one of each discovery request and answer was provided, with the indication that the answers were essentially identical from each defendant. The court is therefore unable to evaluate all of the discovery questions and responses, but is limited to those actually provided.

[3] Plaintiff does raise the issue of the interrogatory responses in a later filing. However, as he failed to properly include them in his motion to compel, and in such a way as to obtain a response from the defendants, the undersigned finds this second filing inadequate to constitute a motion to compel.

1  437 U.S. 340, 352 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)).  Therefore, a
2  discovery request directed at discovering a matter which is not reasonably calculated to lead to
3  the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure
4  26(b)(1).  <u>See id.</u>  Consistent with this rule, discovery is not limited to issues raised by the
5  pleadings, for discovery itself is designed to help define and clarify the issues.  <u>See id.</u> at 351.
6  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise
7  during litigation that are not related to the merits.  <u>See id.</u>

8  Discovery may not be obtained regarding matters which are privileged.  <u>See</u> Fed.
9  R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if
10 relevant to the case.  <u>See</u> <u>Baldridge v. Shapiro</u>, 455 U.S. 345 (1982).  The question of privilege is
11 determined by reference to the Federal Rules of Evidence.  <u>See</u> <u>Campbell v. Gerrans</u>, 592 F.2d
12 1054 (9th Cir. 1979).  Generally, questions of privilege "shall be governed by the principles of
13 the common law as they may be interpreted by the courts of the United States in the light of
14 reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise a
15 federal question, the question of privilege is determined by state law.  <u>See</u> Fed. R. Evid. 501.
16 But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the
17 two shall be read together in order to accommodate the legitimate expectations of the state's
18 citizens."  <u>Pagano v. Oroville Hospital</u>, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

19 Finally, relevant non-privileged discovery may be limited if:  (1) the discovery
20 sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is
21 more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely
22 benefit, taking into account the needs of the case, the amount in controversy, the parties'
23 resources, the importance of the issues at stake in the litigation, and the importance of the
24 proposed discovery in resolving the issues.  <u>See</u> Fed. R. Civ. P. 26(b)(2).

25 A party to whom requests for admissions have been propounded may either
26 answer the admission by admitting or denying the matter or object to the request.  A denial must

fairly meet the substance of the requested admission. A party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party also states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny. See Fed. R. Civ. P. 36(a). If an objection is made, the reasons for the objections must be stated. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request. See id.

If, upon a motion made by the requesting party to determine the sufficiency of responses, the court determines that a response does not comply with the requirements of Fed. R. Civ. P. 36, the court may order that the matter is admitted or that an amended answer be served. See Fed. R. Civ. P. 36(a).

### A. Request for Production of Documents

The requests at issue are set forth below:[4]

Request for Production No. 1

Copies of all dental guidelines of all defendants, as to the treatment of prisoners with any dental needs. Years in questions.

Defendants responded with objections that the request is duplicative of a prior request, as well as being compound, vague and ambiguous as to some of its terms. Notwithstanding the objections, Defendants provided copies of documents in response. Plaintiff objects to this response on the basis that it is not overly compound, vague, or ambiguous,[5] he requested a clearer copy of the guidelines provided, and also "all additional relevant documents."

---

[4] The request for production of documents, and response thereto, provided is set number two propounded on defendants Morris, Sturges, Duckett, Nessenson, Stogsdill, and Williams. Defendant Williams has since been dismissed from this action.

[5] Plaintiff contends none of his requests were compound, vague, or ambiguous.

4

It is unclear from the documents before the court, but it appears that Defendants provided additional copies of documents as requested. To the extent Plaintiff is arguing the response was insufficient, he fails to provide sufficient information to the court as to what else he was requesting. Defendants' objection that the request was vague and ambiguous is sustained.

<u>Request for Production No. 5</u>

Produce any policy, directive, procedure, or other document as to conducting sick-call dental care.

Defendants objected on the basis that it is duplicative of a prior request, as well as being vague and ambiguous, overbroad and burdensome. Nonetheless, Defendants produced documents in response. Plaintiff responded with a request for "all Dental title 15" as well as other written procedures. Defendants again objected that this request is overbroad and burdensome request, as well as vague and ambiguous. However, Defendants indicated that Plaintiff has access to title 15 in the prison law library. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

<u>Request for Production No. 9</u>

Produce store/canteen lists at each facility showing what dental supplies were available for inmates to buy at the canteen, at the times of this case.

Defendants objected to this request on the basis that it is duplicative of a prior request, as well as being vague, overbroad, and ambiguous. However, Defendants produced a current canteen list for Mule Creek State Prison. Plaintiff responded he was requesting canteen lists for 1995 to the present. Defendants again objected that the request was still vague, overbroad, and ambiguous as Plaintiff failed to specify what institution's canteen list he was

requesting, and how production of such would lead to the discovery of admissible evidence. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

Request for Production No. 10

> Any and all showing what supplies were given to inmates with no money, both in general population and Ad. Seq.

Defendants objected to this request on the basis that it is duplicative of a prior request, as well as being confusing, vague, ambiguous, and irrelevant as not likely to lead to the discovery of admissible evidence since Plaintiff was not indigent. Plaintiff objected that documents exist "showing what is allowed, and issued to general population, and Ad-Seg" and that such documents were needed to show "what supplies were given, and what was denied that caused injury." Defendants responded that they were still unclear as to what documents Plaintiff was requesting, and that any such document would be irrelevant because Plaintiff is not indigent.

The court sustains Defendants' objections. Plaintiff failed to sufficiently clarify his request for either the defense or the court to determine what document Plaintiff is requesting, and how it is reasonably likely to lead to the discovery of admissible evidence.

Request for Production No. 11

> Produce exhibits of half toothbrushes and tooth powder used during all years in question.

Defendants objected to this request on the basis that it is duplicative of a prior request, as well as being vague and ambiguous. In addition, Defendants object that the items requested are not normally kept in the course of business, and any exhibit would be attorney work product. Plaintiff responded that he is "asking for facts, and examples as well."

1  Defendants again content the request is vague and ambiguous, requests items not normally kept
2  in the course of business, and requests attorney work product.

        Defendants' objections are sustained.

#### Request for Production No. 12

> Any and all grievances, complaints or other documents, received by the defendants as to mistreatment or inadequate dental care during the years in question, including any memoranda, investigative files, or other documents created in response to such.

        Defendants objected to this request on the basis that it is duplicative of a prior request, it is vague, ambiguous, and confusing, overbroad and burdensome, irrelevant, and calls for information protected by privacy rights.  Plaintiff responded that his request "is important to see if Defendants are credible Dentists, or not."  Defendants again object on the same basis, and that the request is prejudicial because Plaintiff is requesting character evidence to prove conduct.

        Defendants' objections are sustained.

#### Request for Production No. 14

> Any and all citizens complaints investigations, or other litigation towards all defendants regarding dental, or misconduct.

        Defendants objected to this request on the basis that it is duplicative of a prior request, it is vague, ambiguous, and confusing, overbroad and burdensome, irrelevant, and calls for information protected by privacy rights.  Plaintiff again responded that the information is requested to establish Defendants' credibility.  Defendants further objected to Plaintiff's request for character evidence.

        Defendants' objections are sustained.

/ / /

Request for Production No. 15

Any and all documents policies, procedures, investigational information, reports, depositions, or "anything" in your possession relating in any way to this case.

Defendants objected to this request on the basis that it is duplicative of a prior request, it is vague, ambiguous, and confusing, overbroad and burdensome, irrelevant, calls for information protected by privacy rights, and requests documents protected by attorney-client privilege. Plaintiff contends that he is entitled to the facts, and requested anything regarding this case. Defendants make the same objections.

Defendants' objections are sustained.

Request for Production No. 17

Any and all documents, or records concerning meth mouth, including computer generated evidence.

Defendants objected to this request on the basis that it is duplicative of a prior request, it is vague, ambiguous, and confusing, overbroad and burdensome, and is a request for Defendants to perform legal research for Plaintiff. Plaintiff responded that was asking for a specific document used during his deposition related to meth mouth. Defendants provided a copy of the exhibit used during Plaintiff's deposition. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

///
///
///
///
///

Request for Production No. 18

Any and all showing any and all co pays, or other dental costs, of plaintiff during the years in questions.

Defendants objected to this request on the basis that it is duplicative of a prior request, and it is vague, ambiguous, and confusing. Notwithstanding the objections, Defendants produced a copy of Plaintiff's trust account. Plaintiff responded that he needed the information from 1995 to the present. Defendants put forth additional arguments, but nonetheless were able to produce Plaintiff's trust account statements from 1995 through 2002, in addition to the statements previously produced. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

Request for Production No. 19

Any and all showing how much money plaintiff had in his account for dental treatments, charges, supplies, during years in question.

Defendants objected to this request on the basis that it is duplicative of a prior request, and it is vague, ambiguous, and confusing. Notwithstanding the objections, Defendants produced a copy of Plaintiff's trust account. Plaintiff responded that he needed the information from 1995 to the present. Defendants put forth additional arguments, but nonetheless was able to produce Plaintiff's trust account statements from 1995 through 2002, in addition to the statements previously produced. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

///

Request for Production No. 20

Any and all showing any lockdowns, at the locations and years in question.

Defendants objected to this request on the basis that it is duplicative of a prior request, it is vague, ambiguous, and confusing, and it is irrelevant. Plaintiff responded that he needed the records of lockdowns to show they affected dental care. Defendants further argue that Plaintiff failed to provide any foundation aside from speculation that his request is relevant.

Defendants' objections are sustained.

Request for Production No. 21

Any and all showing where and when each defendant asked supervisors for permissions to give plaintiff Listerine, or other dental supplies, and if ever to waive the costs to patient/plaintiff.

Defendants objected to this request on the basis that it was duplicative of a prior request, it is vague, ambiguous, and confusing, it requests documents not kept in the ordinary course of business, and it requests Defendants do legal research for Plaintiff. Plaintiff responded that dentists told him "they would try to get permission for supplies" but never did, so he is requesting "these requests and denials."

Defendants' objections are sustained.

Request for Production No. 23

Anything showing why Listerine or mouthwashes (alcohol based are not provided for inmates, and the info sheet on peridex rince.

Defendants objected to this request on the basis that it was vague, ambiguous, and confusing. Plaintiff responded that he was requesting the "insert that comes with Peridex rinse" as well as documents showing why he was denied alcohol based mouthwashes as asked for in his 602s. In response, Defendants produced copies of Plaintiff's CDC 602 administrative grievances

as well as a copy of the "insert" for the rinse Plaintiff was prescribed. Defendants then reiterated their objections to the remainder of the request as well as objecting on the basis that it is overbroad in that it seeks information concerning the treatment of other inmates. Plaintiff offers no specific argument as to how this response was inadequate.

The court finds that Plaintiff has not demonstrated that an order compelling further responses is warranted.

### B.     Requests for Admissions

The requests at issue are set forth below:[6]

Request for Admissions No. 7

> Admit that it is the responsibility of each defendant to know how these laws pertain to their duties and professions.

Defendant objected to the request on the grounds that it is vague, ambiguous, and calls for speculation, and therefore he cannot either admit or deny as requested. Plaintiff responded that the question is simple and widely known to be true. Defendant again objected, noting it was unclear what "these laws" refers to.

The court sustains the objections. This request is indeed vague and ambiguous in that it does not specify what "these laws" refer to, preventing any intelligent reply.

Request for Admissions No. 8

> Admit that dental hygiene techniqus [sic] and procedures are discussed as a matter of policy, or other, at all dental visits, and that the patients homecare is commented on, at most visits, and show in the dental records.

---

[6]  The request for admissions, and response thereto, provided to the court is that propounded on defendant Sturges. Plaintiff's informal request for compliance addresses defendant Duckett's responses. He then states the same issues apply to all of the defendants. However, the court can only evaluate the questions and answers provided, and cannot speculate as to the sufficiency of any other response.

Defendant objected on the grounds that the request was compound, not a plain statement of fact. Without waiving the objection, defendant Sturges admitted, on information and belief, "that appropriate care and treatment are provided to Plaintiff on each dental visit." Plaintiff responded that the answer "had nothing to do with the question." Defendant then reiterated his objection, and the admission "that appropriate care and treatment are communicated and provided to Plaintiff on each dental visit."

Plaintiff fails to address the admission provided with any specificity. While he stated that the answer was not related to the question, the court disagrees and finds the request vague and confusing. The request related to Plaintiff's treatment, and defendant responded that appropriate care and treatment were provided at each dental visit. The court finds this response, wherein defendant provided alternative wording, sufficient.

Request for Admissions No. 9

Admit that plaintiff sought dental care (specific type) at each noted visit.

Defendant objected to this request as vague, ambiguous, and calls for speculation. Defendant also objected that he does not have any personal knowledge or information sufficient to admit or deny the request as phrased. However, without waiving the objections, Defendant admitted, on information and belief, "that appropriate care and treatment are provided to Plaintiff on each dental visits." Plaintiff responded again that the answer "had nothing to do with the question." Defendant then reiterated his objections and admission.

The objections are sustained. Again, Defendant provided alternative wording sufficiently responsive to the request.

/ / /

/ / /

/ / /

1                         <u>Request for Admissions No. 12</u>

2             Admit that plaintiffs calculus was slight in 1990, 1992, moderate in 1995, slight in 2000, and that peridontoclasia was always general until only once in 2000.

3

4             Defendant objected to this request as compound, over-broad and vague, and that

5 the question was unintelligible, preventing an admission or denial. Plaintiff responded that it

6 was a simple question requesting important facts. Defendants again reiterated the objections,

7 stating it was not a simple question but rather was unintelligible as written.

8             The objections are sustained.

9

10                        <u>Request for Admissions No. 14</u>

11             Admit that plaintiff was having discussions with dental dept. at each visit in regards to treatments available to him, those not

12 available to him, and other treatment plans, including any and all follow-up treatments that may be needed in his dental needs.

13

14             Defendants objected to this request as vague, ambiguous and calls for speculation.

15 Without waiving the objection, Defendant stated after a reasonable inquiry, he is unable to admit

16 or deny the request as it calls for speculation on matters beyond personal knowledge. Plaintiff

17 responded that all dental staff are required to know this, and that relevant facts are being sought.

18 Defendants reiterated and explained the objections, noting that Plaintiff's conclusory objections

19 failed to clarify the request.

20             The objections are sustained.

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

1                               <u>Request for Admissions No. 22</u>

2            Admit that none of plaintiffs diagnosed dental needs or treatments fall within title is 3350.1., if so state where.

4         Defendants objected to the request as over-broad and vague, irrelevant, calls for a legal conclusion, and is confusing, complex and an impermissible combination of an admission and interrogatory. However, without waiving the objection, Defendant denied the request and noted "Plaintiff's diagnosed dental needs and treatment provided are within the scope, as of September 30, 2008, of CCR, Title 15, section 3350.1, in that the services provided were appropriate for the dental condition." Plaintiff then requested an answer for the years 1995 to the present. Defendant reiterated the objections and denial. In addition, Defendant admitted he treated Plaintiff on December 7, 2000, and noted he cannot speculate on treatments requested on other dates because he lacks personal knowledge.

        Lack of personal knowledge, without a reasonable inquiry from available sources, is an insufficient response. However, Defendant's note regarding lack of personal knowledge was secondary to his objection to the request and subsequent denial. The court finds the denial sufficient in light of the objections made, and sustains the objections.

                              <u>Request for Admissions No. 23</u>

           Admit that, if needed, plaintiff's dental needs, or treatments, could be treated within title 15 3350.2, and that in effect no serious dental need, or treatment, would be untreatable.

        Defendant objected that the request calls for speculation and a legal conclusion, is an incomplete hypothetical, is over-broad and vague, and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving objections, Defendant stated after a reasonable inquiry he was unable to admit or deny the request as phrased, and therefore denies. Plaintiff stated this request is a simple question. Defendant reiterated his objections.

///

The court finds the response adequate in light of the objections made, and sustains the objections.

### Request for Admissions No. 24

Admit that title 15 3354.1 covers and assure dental sick call and treatment scheduling, and that only staff can perform these responsibilities.

Defendant objected to the request in that it calls for a legal conclusion, and is vague and ambiguous. Notwithstanding the objection, Defendant denied, on the basis that a portion of section 3354.1 was repealed and relocated. Defendant then stated he was unable to admit or deny Plaintiff's characterization of the regulation and referred Plaintiff to the sections identified for the actual language. Plaintiff responded he was referring to title 15 3354, not 3354.1. Defendant reiterated his objections, and again referred Plaintiff to the regulation.

The court finds the response adequate in light of the objections made, and sustains the objections.

### Request for Admissions No. 29

Admit Listerine and other alcohol based mouthed washes treat plaque, gingivitis, periondontal disease.

Defendant objected that the request was over-broad and vague, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objections, Defendant admitted "that routine proper brushing and flossing daily, along with regular cleanings, as advised by the dentist, are the best treatment for gingivitis and periodontitis." Plaintiff responded that the answer was non-responsive, off topic. Defendant reiterated his objections.

The court finds the response adequate in light of the objections made, and sustains the objections.

Request for Admissions No. 30

Admit Listerine, long handled tooth brushes, and dental floss are not sold, or obtainable, by prisoner in CDCR at the times and places in this case. State yes or no for each time of dental visit, and state location.

Defendant objected to the request as over-broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, however, Defendant stated that after a reasonable inquiry, he does not have knowledge or information sufficient to respond to the request. Plaintiff responded that all dental staff are required to know what supplies are available to the inmates. Defendant reiterated his response, noting he only treated Plaintiff one time on December 7, 2000.

The court finds the response sufficient. Defendant stated he did not have sufficient information, after a reasonable inquiry, to respond. In addition, Defendant's objections that the request is over-broad and vague as to "not sold or obtainable" and "times and places" is sustained.

Request for Admissions No. 34

Admit that supervisors alone you did not give you the supplies, or treatments needed, to provide for this plaintiffs serious dental needs, as they occurred.

Defendant objected to the request as compound, confusing, vague and ambiguous. Without waiving the objections, Defendant denied that "Plaintiff lost six teeth because Defendant failed to provide adequate dental care to Plaintiff." Plaintiff responded that the question should have stated "above you" not "alone you". Defendant reiterated his objections, noting Plaintiff's response did not clarify the request.

The court finds the response adequate in light of the objections made, and sustains the objections.

///

<u>Request for Admissions No. 40(39)</u>

Admit that overcrowding has effected the dental care in CDCR and plaintiff.

Defendant objected to the request as it calls for speculation and is confusing, vague, and ambiguous, so Defendant could not admit or deny. Plaintiff responded that all medical staff knows this. Defendant reiterated his response.

The objections are sustained.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 110) is denied.

DATED: September 17, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE